IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN MOSSIE, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 20-4951 |
| SOCIAL SECURITY ADMINISTRATION | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                              March 1, 2022

This action was brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied the application of Dawn Mossie ("Mossie") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 301, *et seq.* (the "Act"). Presently before the Court is Plaintiff's Complaint (Doc. 2) and the record of the proceedings before the Administrative Law Judge ("ALJ") (Doc. 15) (hereinafter "R."). Plaintiff did not file a Brief and Statement of Issues in Support of Request for Review. In light of Plaintiff's failure to comply with the orders of the Court to prosecute this action, and finding no obvious error in the administrative decision, we dismiss Plaintiff's complaint.

**I.      FACTUAL AND PROCEDURAL HISTORY**

Mossie protectively filed her claim for DIB on March 8, 2016 but only had sufficient quarters of coverage to remain insured for DIB benefits through June 30, 2010. Accordingly, in order for her to be entitled to a period of disability and DIB benefits, as her claim proceeded, she had to establish disability at some point between June 1, 2005 (her amended alleged onset date) and June 30, 2010. (R. 20.)

Mossie's past work was as a secretary, which was skilled work but performed at the sedentary exertional level. She had been involved in a motor vehicle accident in 2001 then began to experience problems with her back locking up. She treated at the Rothman Institute and tried physical therapy, with short-term improvement. She then underwent back surgery in 2008, which she claimed resulted in her pain going away for a year before returning. (R. 23-24.)

The state agency denied her claim on September 22, 2016, and she requested a hearing with an ALJ. Mossie, who was represented by counsel, testified at the May 9, 2019 hearing that she could only walk ¼ of a block, stand for 30-60 minutes, sit for 5 minutes, and lift only two pounds. She reported that she spent her day lying in bed and napping, watching TV or sleeping, and that her husband performed the household chores. She also stated that she could not bend, stoop, or squat. (R. 23-24.) An impartial vocational expert ("VE") also testified at the hearing, addressing the vocational implications of various limitations described in hypothetical questions posed by the ALJ.

On May 24, 2019, the ALJ issued a written decision regarding Mossie's application. He found that she had not been disabled at any time between the June 1, 2005 amended onset date and the June 30, 2010 date last insured in that she could perform the full range of sedentary work and thus was capable of performing her past relevant work as a secretary. (R. 27.) Mossie asked the Appeals Council to review the decision, but as reflected in its notice dated August 5, 2020, that body determined that there was no basis to set aside the ALJ's decision, rendering it the final decision of the Commissioner.

On October 2, 2020, Mossie, through counsel, filed her complaint in this Court, seeking judicial review pursuant to 42 U.S.C. § 405(g) of the adverse decision in her claim for DIB. We granted her petition to proceed *in forma pauperis* and ordered the Clerk to serve the summonses

and complaint on the appropriate government entities. (Doc. 7.) The Clerk of Court also issued a Standing Social Security Procedural Order and a Supplemental Procedural Order signed by Chief Judge Sanchez on November 9, 2020, setting forth a briefing schedule for this matter. (Doc. 8.) In accordance with that order, and after receiving requested extensions of time to do so, the Commissioner filed the certified record on March 25, 2021. (Doc. 15.)

The standing procedural order, as supplemented, provided that Plaintiff must file her Statement of Issues in Support of her Request for Review within 45 days of the filing of the administrative record, which would have been May 9, 2021 in this case. No brief was filed. On December 6, 2021, we issued an order that Plaintiff file within 20 days both her brief and a statement of good cause for failing to abide by the procedural order. (Doc. 16.) We also advised that failure to file the brief by January 31, 2022 would result in dismissal of the case. (*Id.*) No brief nor show cause motion has been filed.[1]

## II.     FAILURE TO PROSECUTE

Rule 41(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Proc. 41(b). Our Court of Appeals interprets this rule as to permit a district court to dismiss an action *sua sponte*. *See Shields v. Comm'r of Soc. Sec.*, 474 Fed.Appx. 857, 858 (3d Cir. 2012) ("Under Federal Rule of Civil

---

[1] Similarly, Plaintiff was advised on October 2, 2020 that this case had been assigned to a magistrate judge and was directed either to consent to my jurisdiction or to decline to give consent. Her response was due on October 23, 2020 but was not submitted. On December 21, 2020, we issued another order directing Plaintiff to file the form within 10 days and advising that failure to file a response would be deemed consent to proceed before a magistrate judge. (Doc. 9.) On February 17, 2021, we entered an order that Plaintiff was deemed to have consented to the jurisdiction of a magistrate judge and that we would exercise jurisdiction for all purposes. (Doc. 12.)

3

Procedure 41(b), a district court may dismiss an action sua sponte if a plaintiff fails to prosecute his case.").

Our Court of Appeals has identified six factors – commonly referred to as the *Poulis* factors – to consider when contemplating dismissal of a case for failure to prosecute: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim. *See Poulis v. State Farm Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The Court of Appeals has explained that no single *Poulis* factor is determinative, and that dismissal may be appropriate even if some of the factors are not met. *See Shields*, 474 Fed. Appx. at 858; *Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992). The Court of Appeals also cautions that "dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002)

As we consider Mossie's case, the bulk of the *Poulis* factors weigh in favor of dismissing her case. With respect to the first factor, we recognize that we can make no finding that the delay in this case is attributable to Mossie personally, as she is proceeding through an attorney. As to the second factor, we also cannot say that there is irreversible prejudice to the Commissioner from Plaintiff's failure to meet the scheduling order and file her brief on time. The third factor, the history of dilatory conduct, however, weighs against Plaintiff, as she did not comply with the initial Court orders regarding consent to magistrate judge jurisdiction nor the Standing Procedural Order which set up the deadline for filing of her brief. This required follow-up orders from the Court, which were again ignored. We easily conclude that Plaintiff's conduct displays "[e]xtensive or

4

repeated delay or delinquency," which constitutes "a history of dilatoriness." *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Regarding the fourth factor – whether the conduct of the attorney was willful or in bad faith – we recognize that there is no affirmative evidence of bad faith. Yet the number of instructions of the Court with which counsel has failed to comply suggests an intentional disregard for this case. The fifth factor requires us to consider the effectiveness of sanctions other than dismissal to secure compliance with court orders. Our prior orders, however, attempted to do just that. Plaintiff continues to ignore them. Since lesser sanctions have been tried but proved futile, the only remaining sanction in the Court's arsenal is dismissal.

We note that the sixth and final *Poulis* factor looks to the merits of Plaintiff's claims. While we have in the record before us a copy of the administrative decision that Plaintiff challenges as part of the complete record comprising 1,090 pages, we lack a supporting brief explaining the basis for her appeal. In any event, as we discuss below, the Commissioner's decision appears valid on its face. For these reasons, we find that, on balance, the *Poulis* factors weigh in favor of dismissing this case.

### III. MERITS REVIEW

#### A. Standard of review

The request for review pursuant to 42 U.S.C. § 405(g) that Plaintiff articulated in her form complaint requires the Court to determine whether the ALJ's conclusion that she was not disabled is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F. 3d 546, 552 (3d Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003). Substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of evidence."

*Rutherford*, 399 F.3d at 552. The factual findings of the Commissioner must be accepted as conclusive, provided they are supported by substantial evidence. *Richardson*, 402 U.S. at 390 (citing 42 U.S.C § 405(g); *Rutherford*, 39 F.3d at 552). The ALJ's determination must also meet certain basic procedural requisites, the most significant of which is that the ALJ explain the legal and factual basis for the determination, resolving conflicts in the evidence and indicating which evidence has been rejected and which has been relied upon as the basis for the finding. *See Schaudeck v. Commissioner of Social Security Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).

      **B.**    **Decision under review**

The issue before the ALJ at the time of the May 24, 2019 decision under review was whether Mossie had been disabled within the meaning of the Act at any time between June 1, 2005 and her date last insured, June 30, 2010. The ALJ applied the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a) to reach his conclusion. At Step One, he found that Mossie had not engaged in substantial gainful activity since the alleged onset date through the date last insured. (R. 22, Finding No. 2.) At Step Two, he found that she suffered from severe, medically-determinable impairments. (R. 22, Finding No. 3.) At Step Three, however, he concluded that Mossie did not have an impairment or combination of impairments that satisfied the criteria of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926). (R. 23, Finding No. 4.) He specifically considered whether Mossie met Listing 1.04, disorders of the spine, but found that she did not establish the various criteria. (R. 23.)

As the ALJ did not find Mossie disabled at Step Three, the analysis continued with the ALJ's determination of her residual functional capacity ("RFC"), which is defined as "the most [a claimant] can do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found:

> **5.  After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a).**

(R. 23, Finding No. 5.) Relying upon the testimony of the VE at the hearing concerning the sedentary nature of Mossie's past relevant work as a secretary, the ALJ concluded at Step Four that, with this RFC for the relevant period, Mossie would have been able to perform her past work. (Finding No. 6.)[2] In light of this finding at Step Four, the ALJ concluded that Mossie was not disabled within the Act through the date last insured. (Finding No. 7; Decision.)

### C.  Analysis

On its face, the ALJ's decision complies with the procedural requirements to apply the sequential evaluation and to explain the basis for each of the findings required by that analysis. The ALJ's discussion in support of the ever-important RFC finding spanned five pages. He recounted Mossie's testimony from the hearing (R. 23-24) and the objective medical evidence related to her complaints of back pain following a 2001 car accident, which ultimately resulted in surgery in October 2008. (R. 24-26.) He pointed to treatment notes from 2009 in which she reported to be doing very well with resolution of her back and leg pain, with intermittent pain resulting from weather changes or vigorous activity at home. He noted that she reported that she was caring for two small children. (R. 26.) He described the one medical source statement that was contained in the record from a neurosurgeon with whom Mossie had consulted in 2007, more than a year before she underwent surgery. The ALJ provided reasons for his determination that the opinion warranted little weight. He concluded that his RFC finding was "supported by the lack of objective findings demonstrating the existence or severity of limitations, as well as the lack of

---

[2] The final page of the ALJ's decision appeared to be missing from the certified record. However, all 8 pages of the ALJ's decision were attached to Plaintiff's complaint. Therefore, this conclusion to the ALJ's decision was available to us at Doc. 2, ECF page 18.

treatment one would expect for the symptoms alleged," noting also that she reported improvement in her symptoms after her spinal surgery. (R. 26 & Doc. 2 at ECF p. 8.)

When we apply the deferential standard of review, and in the absence of any timely brief from Plaintiff, we see nothing in the ALJ's decision that is plainly unsupported by "substantial evidence." Rather, the determination that Mossie was not disabled follows from an RFC finding that was adequately explained and supported by the record. This merits analysis serves as another *Poulis* factor that weighs for dismissal of this case.

## IV.   CONCLUSION

Plaintiff's complaint stated a valid cause of action when she filed it in October 2020, but apart from perfecting the petition to proceed *in forma pauperis*, she has taken no further steps to prosecute this appeal. Her inaction constitutes non-compliance with two briefing orders from the Court – the first a standard order in this district and the second an order specific to her civil action, which should have caught counsel's attention. For these reasons, we find that the *Poulis* factors weigh in favor of dismissing this case for failure to prosecute.

An appropriate order will follow.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE